J-S22009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN MICHAEL HICKOX | : | |
| | : | |
| Appellant | : | No. 2098 MDA 2019 |

Appeal from the Order Entered December 5, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001270-2010

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                           **FILED JUNE 12, 2020**

Appellant, Justin Michael Hickox, appeals from the order entered on December 5, 2019, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On previous appeal, we summarized the facts and procedural history of this case as follows:

> [In 2010,] Appellant was charged with nine counts of indecent assault and one count of corruption of minors.  On March 2, 2011, Appellant entered a guilty plea to four counts of indecent assault and was sentenced on June 28, 2012.  On direct appeal, this Court vacated Appellant's judgment of sentence and remanded the matter.  [***Commonwealth v. Hickox***, 2013 WL 11250814, *1 (Pa. Super. Nov. 20, 2013)].

---

[*] Retired Senior Judge assigned to the Superior Court.

[On] June 2, 2014, Appellant entered a guilty plea to [] nine counts of indecent assault and one count of corruption of minors. N.T., 6/2/14, at 2–21.  Appellant was sentenced on the same day to payment of costs, time served and an aggregate term of [15] years [] probation. **Id.** at 8–13; Written Guilty Plea Colloquy, 6/23/14 at 2.

[Appellant did not file a direct appeal.  Instead,] Appellant filed a PCRA petition on December 17, 2014.  Counsel was appointed, but was later permitted to withdraw due to Appellant's desire to proceed pro se. [Thereafter, Appellant violated his probation and the court sentenced him to five to 10 years' imprisonment in July 2015.[1]]

[On] July 27, 2015, Appellant was granted leave to file an amended PCRA petition, and Appellant did so on the same day. The PCRA court addressed Appellant's PCRA petition filed December 17, 2014, and Appellant's first amended PCRA petition filed July 27, 2015, together and issued its notice of intent to dismiss both on September 24, 2015.  Appellant filed a response. Both petitions were dismissed by order entered October 8, 2015.

Appellant timely appealed, and on June 9, 2016, this Court vacated that order and remanded the matter due to the trial court's failure to conduct a [] hearing [pursuant to **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998).  **See Commonwealth v. Hickox**, 2016 WL 3198156, *1 (Pa. Super. June 9, 2016.).]

On remand, the [PCRA] court conducted a **Grazier** hearing on June 21, 2016, grant[ed] Appellant's request to proceed pro se and [gave] him [60] days to amend his PCRA petition.  Order, 7/5/16.  Appellant filed his second amended PCRA petition on that same day[.]

By order entered November 1, 2016, Appellant's second amended petition was dismissed.  [This Court subsequently affirmed the PCRA court's dismissal].

_____

[1] We note that the exact date that the trial court determined that Appellant violated his probation and sentenced him to five to 10 years' imprisonment is unclear.  The order itself is dated July 17, 2015, but it is time-stamped for July 24, 2015 and July 27, 2015.

***Commonwealth v. Hickox,*** 2017 WL 3037516, at *1 (Pa. Super. July 18, 2017) (parallel citations and footnotes omitted) (footnote added).

On November 12, 2019, Appellant filed a motion to withdraw his guilty plea *nunc pro tunc*. Appellant's Motion to Withdraw Guilty Plea *Nunc Pro Tunc*, 11/12/19, at 1-4. In his motion, Appellant claimed that his counsel provided ineffective assistance. ***Id.*** Specifically, Appellant asserted that counsel failed to investigate his *alibi* defense and was unprepared for trial which, per Appellant, caused him to plead guilty. ***Id.*** The court treated Appellant's motion as a PCRA petition and, on December 5, 2019, dismissed the petition.[2] PCRA Court Order, 12/5/19, at 1-2. This timely appeal followed.[3]

Appellant raises the following issues on appeal:[4]

---

[2] As discussed *infra*, the PCRA court correctly treated Appellant's motion to withdraw his guilty plea *nunc pro tunc* as a PCRA petition. The court, however, simply dismissed Appellant's petition. It did not issue notice that it intended to dismiss Appellant's PCRA petition without holding a hearing pursuant to Pa.R.Crim.P. 907(1). Nonetheless, "our Supreme Court has held that [when a] PCRA petition is untimely, the failure to provide such notice is not reversible error." ***Commonwealth v. Lawson***, 90 A.3d 1, 5–6 (Pa. Super. 2014), *citing* ***Commonwealth v. Pursell***, 749 A.2d 911, 917 n.7 (Pa. 2000). Accordingly, the PCRA court's failure to issue a Rule 907 notice prior to dismissing Appellant's November 12, 2019 submission does not entitle Appellant to relief.

[3] Appellant filed a notice of appeal on December 13, 2019. On January 7, 2020, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 28, 2020.

[4] We have altered the order of Appellant's issues for clarity and ease of discussion. ***See*** Appellant's Brief at 4.

I. Did the [PCRA] court err in treating [Appellant's] motion to withdraw [his] guilty plea *nunc pro tunc* as a [PCRA petition?]

II. Did the [PCRA] court err when it dismissed [] Appellant's motion to withdraw [his] guilty plea *nunc pro tunc* when it showed clear assertions of manifest injustice?

Appellant's Brief at 4 (superfluous capitalization omitted).

Our standard of review is as follows:

As a general proposition, an appellate court reviews the PCRA court's findings to [determine whether] they are supported by the record and free from legal error. [This C]ourt's scope of review is limited to the findings of the PCRA court and the evidence on the record [] viewed in the light most favorable to the prevailing party.

***Commonwealth v. Hammond***, 953 A.2d 544, 556 (Pa. Super. 2008) (citations and quotations omitted).

First, Appellant argues that the court erred in treating his motion to withdraw his guilty plea *nunc pro tunc* as a PCRA petition. Specifically, Appellant baldly asserts that "[a]ny filing outside of the timeframe for a PCRA should not be considered a PCRA." Appellant's Brief at 19. Appellant's claim is erroneous. As our Supreme Court previously explained:

By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief.

***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (internal citations omitted). Thus, "[w]here, as here, a defendant's post-conviction claim[] [is] cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." ***Id.***;

*see* 42 Pa.C.S.A. § 4593(a)(2)(ii) (explaining that, for a PCRA petitioner to be entitled to relief, he must demonstrate that "the conviction or sentence resulted from" . . . "ineffective assistance of counsel"). Because Appellant's claim of ineffective assistance is cognizable under the PCRA, the court correctly treated Appellant's motion as a PCRA petition. Hence, Appellant's first claim is meritless.

Bearing in mind our conclusion that Appellant's November 12, 2019 submission is subject to the legal framework and requirements of the PCRA, we turn to Appellant's second claim in which he argues that the PCRA court erred in dismissing his filing because it asserted a manifest injustice. Before any court considers the merits of a petition for collateral relief, however, the court "must first determine whether [the petition was] timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2001), *appeal denied* 53 A.3d 77 (Pa. 2012). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on July 2, 2014, 30 days after the entrance of his guilty plea.

Hence, Appellant's petition is manifestly untimely because it was filed in November 2019. Therefore, unless one of the statutory exceptions to the time-bar applies, no court possessed jurisdiction to consider the instant petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the PCRA's time-bar that allow for very limited circumstances under which the late filing of a PCRA petition will be excused. To invoke an exception, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In this case, Appellant made no attempt to plead or prove that one of the above-mentioned exceptions to the PCRA time-bar applies. Indeed, Appellant does not even mention one of the exceptions listed in 42 Pa.C.S.A.

§9545(b). As such, the PCRA court properly dismissed Appellant's PCRA petition as it lacked jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/12/2020